USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/15/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
EMA UKO-ABASI,

                          Plaintiff,

                -against-

AMERIPATH, INC.,

                       Defendant.
------------------------------------X

09 Civ. 3629 (DAB)
ADOPTION OF REPORT
AND RECOMMENDATION

DEBORAH A. BATTS, United States District Judge.

## I. BACKGROUND

On April 9, 2009, Pro Se Plaintiff Ema Uko-Abasi ("Plaintiff" or "Uko-Abasi") filed this employment discrimination action against his former employer, Defendant AmeriPath, Inc. ("Defendant" or "AmeriPath"), alleging that Defendant discriminated against him based on his race, national origin, and religion in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297 ("NYSHRL"), and New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131 ("NYCHRL").

Upon Defendant's filing of his answer on January 15, 2010, the Court referred this matter to Magistrate Judge Ronald Ellis for general pretrial and report and recommendations on dispositive motions. On July 19, 2010, Defendant moved for

1

summary judgment.

Now before the Court is Judge Ellis's January 25, 2011
Report and Recommendation (the "Report"), recommending that
Defendant's Motion for Summary Judgment be granted.  (Report at
1.)  Specifically, Judge Ellis recommends that the Motion be
granted because: (1) Plaintiff's race and national origin Title
VII claims are time barred; (2) while timely, Plaintiff's
NYSHRL, and NYCHRL religious discrimination claims are
procedurally barred because Plaintiff elected to file his claims
with the N.Y. State Division of Human Rights; (3) Plaintiff
fails to present genuine issues of material fact that support
his claim of a hostile work environment due to his religion; and
(4) while Plaintiff is able to establish a prima facie case
employment discrimination, Plaintiff fails to rebut Defendant's
nondiscriminatory justifications for Plaintiff's termination.
(See Report at 10-20.)  Plaintiff has filed timely objections to
Judge Ellis's Report.

For the reasons set forth below, Judge Ellis's Report is
adopted in its entirety, and Defendant's Motion for Summary
Judgment is GRANTED.

## II. DISCUSSION[1]

---

[1]    A factual background is set forth in detail in Judge
Ellis's Report and will not be reiterated here. (Report at 1-6.)

A. Legal Standard

Summary judgment is warranted if the moving party shows that "there is no genuine issue as to any material fact" and that it "is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "A dispute about a 'genuine issue' exists for summary judgment purposes where the evidence is such that a reasonable jury could decide in the non-movant's favor," Beyer v. County of Nassau, 524 F.3d 160, 163 (2d Cir. 2008), and the Court "resolve[s] all ambiguities, and credit[s] all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment." Cifra v. Gen. Elec. Co., 252 F.3d 205, 216 (2d Cir. 2001).

"It is now beyond cavil that summary judgment may be appropriate even in the fact-intensive context of discrimination cases," and that "the salutary purposes of summary judgment-avoiding protracted, expensive and harassing trials - apply no less to discrimination cases than to ... other areas of litigation." Abdu-Brisson v. Delta Air Lines, Inc., 239 F.3d 456, 466 (2d Cir. 2001). As in any other case, "an employment discrimination plaintiff faced with a properly supported summary judgment motion must 'do more than simply show that there is some metaphysical doubt as to the material facts'.... She must

3

come forth with evidence sufficient to allow a reasonable jury
to find in her favor." Brown v. Henderson, 257 F.3d 246, 251 (2d
Cir. 2001) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio
Corp., 475 U.S. 574, 586 (1986)).

The Court is mindful that "direct evidence of ...
[discriminatory] intent will only rarely be available, ... [so]
'affidavits and depositions must be carefully scrutinized for
circumstantial proof which, if believed, would show
discrimination.'" Holcomb v. Iona Coll., 521 F.3d 130, 137 (2d
Cir. 2008). However, the Court must also "carefully distinguish
between evidence that allows for a reasonable inference of
discrimination and evidence that gives rise to mere speculation
and conjecture." Bickerstaff v. Vassar Coll., 196 F.3d 435, 448
(2d Cir. 1999).


B. Objections to the Report and Recommendation

"Within fourteen days after being served with a copy [of a
Magistrate Judge's Report and Recommendation], a party may serve
and file specific written objections to the proposed findings
and recommendations." Fed. R. Civ. P. 72(b)(2); accord 28
U.S.C. § 636(b)(1)(C). The court may adopt those portions of
the report to which no timely objection has been made, as long

4

as there is no clear error on the face of the record.  Wilds v.
United Parcel Serv., Inc., 262 F.Supp. 2d 163, 169 (S.D.N.Y.
2003).  A district court must review de novo "those portions of
the report or specified proposed findings or recommendations to
which objection is made."  28 U.S.C. § 636(b)(1)(C).

"To the extent, however, that the party makes only
conclusory or general arguments, or simply reiterates the
original arguments, the Court will review the Report strictly
for clear error."  Indymac Bank, F.S.B. v. Nat'l Settlement
Agency, Inc., 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008);
see also Ortiz v. Barkley, 558 F.Supp.2d 444, 451 (S.D.N.Y.
2008) ("Reviewing courts should review a report and
recommendation for clear error where objections are merely
perfunctory responses, argued in an attempt to engage the
district court in a rehashing of the same arguments set forth in
the original petition.") (citation and internal quotation marks
omitted).  After conducting the appropriate levels of review,
the Court may accept, reject, or modify, in whole or in part,
the findings or recommendations made by the Magistrate.  28
U.S.C. § 636(b)(1)(C).

The objections of pro se parties are "generally accorded
leniency and should be construed to raise the strongest

5

arguments that they suggest." <u>Howell v. Port Chester Police Station</u>, 2010 WL 930981, at *1 (S.D.N.Y. Mar. 15, 2010) (citation omitted). "Nonetheless, even a <u>pro</u> <u>se</u> party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." <u>Id.</u> (quoting <u>Pinkney v. Progressive Home Health Servs.</u>, 2008 U.S. Dist. LEXIS 55034, at *2-3 (S.D.N.Y. July 21, 2008) (internal quotations marks omitted)).

On February 17, 2011, Plaintiff filed timely objections to Judge Ellis's Report (the "Objections"). Plaintiff's Objections are difficult to interpret, however, Plaintiff seems to argue, <u>inter</u> <u>alia</u>: (1) Plaintiff did not make statements such as, "the spirit" had told him that the two coworkers did not like him; God was going to render "retribution" upon supervisor Keith Wahnon; and a mind-reading tracking system was installed to monitor Plaintiff; (2) Plaintiff did not chant at the workplace; (3) Keith Wahnon threatened to terminate Plaintiff's employment if he refused to sign the "final warning;" (4) the record, including the fact that Plaintiff's scriptures were removed from his work station about a week before his termination, supports

6

the notion that Plaintiff's warning letter was pretextual in nature; (5) Defendant and its employees plotted to terminate Plaintiff, which included Defendant offering a reward to employee Claude Morris to "take [Plaintiff] out" and sabotage of Plaintiff's work; (6) Judge Ellis made incorrect factual findings;[2] (7) Plaintiff's grievances did not follow the chain-of-command, unlike the grievances of other employees; (8) Defendant improperly denied Plaintiff's request for a transfer.

In sum, Plaintiff's Objections mainly take issue with many of the factual findings made by Judge Ellis and argue that the record creates a genuine issue of material fact on Plaintiff's claims.  However, these conclusory arguments are merely general

---

[2]     Plaintiff's Objections generally take issue with Judge Ellis's recitation of the facts, yet Plaintiff asserts several "facts" that are not supported by the record.  Most glaring is Plaintiff's claim that he never told his former plant manager, Keith Wahnon, that "God was going to render 'retribution' upon him." (Objections at 1.)  However, this is not what Plaintiff previously testified: "Q. Did you tell Keith that Jesus was with you, and that God sees all and that retribution would be dealt upon him?  A. Yes.  Q. You did.  And then the meeting ended?  A. Yes." (Pl. Dep. Tr. Dated Apr. 21, 2010 at 220.)  As detailed in Footnote No. 1 in Judge Ellis's Report, if Defendant provides a factual averment that is supported by the record and then Plaintiff refutes that fact, but cannot provide a factual basis in the record for refuting Defendant's fact, the Court will accept Defendant's fact as true.  Accordingly, the Court accepts Defendant's version that Plaintiff told Mr. Wahnon that retribution would be dealt upon him.  All other factual averments made by Plaintiff are reviewed by the Court in the same manner.

objections that simply attempt to rehash the original arguments
before Judge Ellis.  Accordingly, the Court will review Judge
Ellis's Report strictly for clear error. Indymac Bank, F.S.B.,
2008 WL 4810043, at *1.


C. Plaintiff's Individual Claims

     Judge Ellis found that (1) Plaintiff's race and national
origin Title VII claims are time barred; and (2) while timely,
Plaintiff's NYSHRL, and NYCHRL religious discrimination claims
are procedurally barred because Plaintiff elected to file his
claims with the N.Y. State Division of Human Rights.  After
reviewing Judge Ellis's findings for clear error on the face of
the record, the Court ADOPTS Judge Ellis's recommendation to
dismiss Plaintiff's race and national origin Title VII claims
and Plaintiff's religious NYSHRL and NYCHRL claims.

     Plaintiff also asserts a hostile work environment based
upon his religion.  To establish a prima facie case for a
hostile work environment claim, a plaintiff must show that (1)
he is a member of a protected class; (2) he suffered unwelcome
harassment; (3) he was harassed because of his membership in a
protected class; and (4) the harassment was sufficiently severe
or pervasive to alter conditions of employment and create an

abusive environment.  See Monterroso v. Sullivan & Cromwell,
LLP, 591 F. Supp. 2d 567, 584 (S.D.N.Y. 2008).  "A hostile work
environment claim can succeed only if plaintiff demonstrates
that the workplace was so severely permeated with discriminatory
intimidation, ridicule, and insult that the terms and conditions
of his employment were thereby altered." See Fincher v.
Depository Trust and Clearing Corp., 604 F.3d 712, 724 (2d Cir.
2010)(citing Leibovitz v. N.Y. City Transit Auth., 252 F.3d 179,
188 (2d Cir.2001)).

Judge Ellis's Report found that while Plaintiff established
that a genuine issue of fact exists as to the first three
elements of a prima facie case in a hostile work environment
claim, Plaintiff has not presented sufficient evidence so that a
reasonable juror could find that the harassment was sufficiently
severe or pervasive to alter the conditions of employment and
create an abusive work environment.  The Court agrees.

During the course of Plaintiff's employment, Plaintiff's
chair was removed from his desk three times and two notes
containing scripture were removed from his workspace.  Plaintiff
also states that some colleagues attempted to distract him or
sabotage his work and referred to his national origin in a
derogatory manner.  Most of Plaintiff's allegations are not

severe or pervasive.  The most serious allegation, of course, is Plaintiff's allegation that Defendant asked its employees to harass Plaintiff.  However, the record is devoid of a factual basis for Plaintiff's allegation other than his own speculation. Plaintiff has also not shown any discriminatory animus in the actions of Defendant or its employees.[3]  Plaintiff's allegations, even if true, do not demonstrate that Defendant's workplace "permeated" with ridicule such that a hostile work environment claim can be maintained.  Id.  For this reason, the Court ADOPTS Judge Ellis's recommendation to dismiss Plaintiff's hostile work environment claim.

Finally, Plaintiff asserts an employment discrimination claim.  As Judge Ellis found, in order to establish a prima facie case of employment discrimination, a plaintiff bears the initial burden of establishing: (1) membership in a protected class; (2) satisfactory job performance; (3) an adverse employment action; and (4) that the adverse employment decision was made under circumstances giving rise to an inference of discrimination on the basis of membership in a protected class.

---

[3]    Some of Plaintiff's allegations, as he testified to, are just simply absurd.  For instance, Plaintiff testified that certain workers used "body control" or mind-manipulation to force Plaintiff to suddenly need to use the bathroom and urinate. (Pl. Dep. Tr. Dated Apr. 21, 2010 at 210-12.)

See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 767 (2d Cir. 2002).  If a plaintiff meets his burden, "a presumption of discrimination arise and the burden shifts to the defendant to proffer some legitimate, nondiscriminatory reason for the adverse decision or action."  Farias v. Instructional Sys., Inc., 259 F.3d 91, 98 (2d Cir. 2001). If a defendant provides such a reason, "the presumption of discrimination created by the prima facie case drops out of the analysis, and the defendant will be entitled to summary judgment ... unless the plaintiff can point to evidence that reasonably supports a finding of prohibited discrimination." Id. (internal citations omitted). A plaintiff must be provided with an opportunity to show that the legitimate reasons offered by a defendant were not its true reasons but were a pretext for discrimination. Id.

Here, Plaintiff alleges that Defendant discriminated against him on the basis of his religion when it denied his transfer request, reduced his bonus by $1000, and then terminated his employment.  Judge Ellis found that viewing the facts in a light most favorable to Plaintiff, Plaintiff has established the first three prongs of the prima facie case for employment discrimination, however, Plaintiff has failed to show that that the adverse employment decision was made under

11

circumstances giving rise to an inference of discrimination on the basis of Plaintiff's membership in a protected class. The Court agrees that the record is devoid of any inference of discrimination.  The Court also agrees with Judge Ellis findings that Defendant has offered non-discriminatory reasons for any employment action and Plaintiff has not rebutted Defendant's non-discriminatory reasons for its actions.  After a review of the record for clear error, the Court ADOPTS Judge Ellis's recommendation to dismiss Plaintiff's employment discrimination claim.

### III. CONCLUSION

Having reviewed the January 25, 2011 Report and Recommendation of Magistrate Judge Ronald L. Ellis for clear error, the Court HEREBY APPROVES, ADOPTS, and RATIFIES the Report in its entirety, and Defendant's Motion for Summary Judgment is GRANTED.  The Clerk of Court is directed to close the docket in this case.

SO ORDERED.

Dated:   New York, New York

March 15 , 2011

_Deborah A. Batts_
DEBORAH A. BATTS
United States District Judge

12